IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN WYLIE-BIGGS,<br>      Plaintiff,<br><br> vs.<br><br>ORLANDO L. HARPER; WILLIAM<br>EMERICK; JESSE ANDRASCIK; SIMON<br>WAINWRIGHT; LONG *Deputy Warden*;<br>CORIZON HEALTH SERVICES,<br>      Defendants. | Civil Action No. 14-1150<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 29, 35 |

## OPINION

**KELLY, Chief Magistrate Judge**

  Presently before the Court are two Motions to Dismiss concerning claims filed by Edwin Wylie-Biggs ("Plaintiff"), acting *pro se,* against Defendant Corizon Health Services ("Corizon") and against Defendants Orlando L. Harper, William Emerick, Jesse Andrascik, Simon Wainwright and Deputy Warden Long ("the County Defendants"). ECF Nos. 29 and 35. The Complaint contains claims which can be categorized as: (1) medical malpractice; and (2) civil rights claims pursuant to 42 U.S.C. § 1983. ECF No. 3

  For the following reasons, the County Defendants' Motion to Dismiss, ECF No. 29, is granted with leave to file an Amended Complaint only as to Plaintiff's Fourteenth Amendment civil rights claims of denial as to medical care and denial of access to courts. Corizon's Motion to Dismiss, ECF No. 35, is granted with leave to file an Amended Complaint only as to Plaintiff's claims under Section 1983.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

The relevant procedural history is as follows. Plaintiff filed his Complaint on September 30, 2014. ECF No. 3. The County Defendants filed a Motion to Dismiss/Motion for Partial Summary Judgment on December 16, 2014. ECF No. 29. Corizon filed its Motion to Dismiss and brief in support thereof on December 24, 2014. ECF Nos. 35, 36. Plaintiff filed a response to the County Defendants' Motion on January 13, 2015, ECF No. 40, and he filed a response to Corizon's Motion on March 10, 2015, ECF No. 45. Corizon filed a reply brief in further support of its Motion to Dismiss on March 11, 2015. ECF No. 46. Plaintiff filed a reply brief in further support of his response to Corizon on March 30, 2015. ECF No. 47. Plaintiff also filed a Certificate of Merit on March 30, 2015. ECF No. 48. Both Motions to Dismiss are now ripe for consideration.

### B. Claims

Plaintiff's Complaint contains the following allegations. On April 17, 2014, Plaintiff, an inmate at the Allegheny County Jail ("ACJ"), was charged with possession of contraband for a cell phone and prescription drugs. ECF No. 3 at 13. On the same date, Plaintiff was taken to the Restricted Housing Unit ("RHU") by Defendant Andrascik, a sergeant at ACJ. Id. at 13. On April 27, 2014, Defendant Andrascik "gave" Plaintiff 30 days in the RHU for his "contraband misconduct." Id. at 14. On May 17, 2014, Plaintiff was released from the RHU. Id. On May 19, 2014, Plaintiff was placed back into the RHU in administrative custody by Defendant Andrascik. As a condition of placement in the RHU, Plaintiff was the subject of multiple restrictions which he claims were improper, including limited access to materials in the law library. Id. at 14-15.

Plaintiff also alleges that on April 22, 2014, he began to "write sick call slips to medical" about pain in his right wrist and the lack of pain medication he had received since his initial placement in the RHU on April 17, 2014. Id. at 15. Plaintiff alleges that he wrote to Defendants Major Wainwright, Deputy Warden Long and Warden Harper complaining about his medical treatment. Id. Plaintiff asserts that his requests for medical care continued for approximately two months and included complaints about loss of feeling, numbness, pain and pins protruding from the wrist. Id. He also claims that ACJ employees contacted "medical" (Defendant Corizon) about Plaintiff's condition but received no response. Id. at 15-16. On June 19, 2014, Plaintiff passed out and suffered seizure-like symptoms. Id. at 16. On that date, a person identified as "Doctor Dave" performed "surgery" on Plaintiff, removing the pins from his wrist. Id. Later, when Plaintiff suffered a lack of mobility in his wrist, he discovered that "Doctor Dave" was actually a nurse who was neither authorized nor licensed to perform this surgery at ACJ. Id. Plaintiff concludes his claims thusly:

> The Plaintiff is suffering from pain, loss of use in right wrist and hand, infection, sleep deprivation [due] to pain and nothing prescribed for pain by medical staff, retaliation by whole Corizon Medical and Allegheny County Jail Administration, and cruel unusual punishment/treatment.

Id.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires that the complaint to provide "enough factual matter

3

(taken as true)" to suggest the required elements of the claim presented. Phillips v. County of Allegheny, 515 F. 3d 224, 234 (3d Cir. 2008). The pleader must "'nudge his or her claims across the line from conceivable to plausible.'" Id. (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544 at 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips, 515 F. 3d at 228 (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

### III. DISCUSSION

#### A. County Defendants

##### 1. Injunctive Relief

As an initial matter, to the extent that Plaintiff's Complaint seeks injunctive relief in the form of obtaining certain privileges at ACJ, ECF No. 3 at 17, such relief is unavailable because Plaintiff was released from ACJ on December 3, 2014. ECF No. 29, Exhibit A; ECF No. 40 at ¶10. Accordingly, Plaintiff's claims for injunctive relief are dismissed with prejudice as moot.

### 2. Civil Rights

In the form Complaint, Plaintiff responds to the question as to "[w]hat federal law do you claim was violated?" by writing, "8th and 14th Amendments." ECF No. 3 at 2, 6, 10.

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Further, when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

#### a. Eighth Amendment claims

As set forth above, Plaintiff alleges that the conduct of the County Defendants deprived him of rights guaranteed to him by the Eighth Amendment to the United States Constitution. However, because Plaintiff was a pre-trial detainee, he was "'not within the ambit of the Eighth Amendment['s],' prohibition against cruel and unusual *punishment.*" Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005)(quoting Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987))(emphasis in original). Therefore, Plaintiff cannot establish an Eighth Amendment claim. As a result, it would be futile to allow Plaintiff to amend his Complaint as to this claim. Accordingly, Plaintiff's Eighth-Amendment-related claims are dismissed with prejudice.

### b. Fourteenth Amendment claims

Plaintiff also alleges that the County Defendants violated his constitutional rights under the Fourteenth Amendment in various ways, namely: retaliation, denial of medical care and denial of access to the courts. Plaintiff fails to establish a plausible claim on any of these bases.

### i. Retaliation

The basis of Plaintiff's claims of retaliation is less than clear. At a minimum, Plaintiff has failed to provide any factual basis for at least one of the requisite elements of a retaliation claim. The United States Court of Appeals for the Third Circuit has explained, "[a]s a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Simply put, Plaintiff's Complaint contains no allegation he engaged in constitutionally protected conduct. Rather, Plaintiff alleges that the retaliatory actions were taken by Defendants in response to his misconduct, *i.e.* possession of contraband. ECF No. 3, at 13-14. Clearly, the possession of contraband does not constitute protected conduct. Thus, absent an allegation of constitutionally protected conduct, Plaintiff has failed to state a claim for retaliation upon which relief can be granted. As such, it would be futile to allow Plaintiff to amend his Complaint on this claim given the identified fatal flaw. Therefore, his Fourteenth Amendment retaliation claim is dismissed with prejudice.

### ii. Denial of medical care

Plaintiff's allegations concerning the denial of medical care by the County Defendants also fail to make out a plausible claim. At the outset, it appears that Plaintiff characterizes these claims as ones of negligence. Relief from mere negligence is not available under the protections

afforded prisoners by the Due Process Clause of the Fourteenth Amendment. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Thus, all of the negligence claims are dismissed with prejudice.

To the extent Plaintiff is attempting to make some other cognizable Fourteenth-Amendment claim, he has failed to set forth sufficient facts to establish any such claim. His relevant allegations state as follows:

> On April 22, 2014 the Plaintiff started to write sick calls slips to medical about pain in right wrist and not receiving anything for pain since being moved to the R.H.U. on April 17, 2014. The Plaintiff continued to write medical staff, Major Wainwright, Deputy Warden Long, Warden Orlando L. Harper, along with complaints to the grievance officer about losing feeling, numbness, excruciating pain, and the pins that were placed in my right wrist began to protrude [out of] the skin, with assistance from no one. On May 1, 2014 – May 20, 2014 –May 29, 2014 – June 11, 2014 – June 15, 2014 – June 16, 2014. After having several correctional officers, Battykeefer, Bruder, Mazzocca, Kelly, Bosack and Sgt. Andrascik contac[t] medical by phone and not get a response back about my medical condition for over a month.

ECF No. 3 at 15-16.

Even accepting these allegations as true and drawing all inferences therefrom in the light most favorable to Plaintiff, there is simply not enough to support a claim. It is unclear what Plaintiff told the named County Defendants; it is unclear how many times he told them; even the significance of the listed dates is unclear. Thus, this claim is dismissed. However, this Court does not find that it would be inequitable or futile to allow Plaintiff to amend his Complaint as to these claims. Therefore, the dismissal is without prejudice to the filing of an amended complaint alleging facts in support of this claim.

### iii. Denial of access to courts

Finally, Plaintiff alleges that, while he was in the RHU, he was denied access to legal resources. Specifically, Plaintiff complains about only being permitted one hour per week in the

law library, having "to be computer literate to use the law machine," not being provided a law clerk or paralegal to assist in his legal defense and that the machine does not print. ECF No. 3, at 15. To the extent that Plaintiff is making a claim that his limited access to legal resources while he was in the RHU deprived him of access to the courts, such a claim made by an inmate must include an element of actual harm. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff alleges that, while housed in the RHU, he was "being denied [his] constitutional rights to properly and fairly prepare for trial," ECF No. 3 at 15. Even when the allegation is accepted as true, it does not qualify as an allegation that Plaintiff suffered harm, *i.e.*, an adverse trial outcome, due to his lack of access to legal materials. Accordingly, this claim is also dismissed without prejudice to the filing of an amended complaint alleging facts in support of this claim.

    **B.**    **Corizon**

        **1.**    **Medical Malpractice/ Negligence**

To the extent that Plaintiff raises medical malpractice claims against Corizon, he was required to file, within 60 days of filing the Complaint, a signed certificate of merit attesting that either: (1) that an appropriate licensed professional has provided a written statement that a breach of acceptable professional standards caused the injury alleged; or (2) that expert testimony from such a professional is unnecessary for prosecution of the claim. Pa.R.C.P. 1042.3(a).[1]

On March 30, 2015, Plaintiff filed a document styled as a Certificate of Merit. ECF No. 48. Even a generous reading of this document fails to reveal any tangential relationship between the contents thereof and the requirements of Rule 1042.3. Due to Plaintiff's failure to comply with this rule, his medical malpractice claims are dismissed with prejudice.

---

[1] This requirement applies to the instant action even though it was filed in federal court. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).

### 2. Civil Rights

Plaintiff's civil rights claims against Corizon are based on the doctrine of respondeat superior. See ECF No. 48, ¶ 2. The applicable law on this point is as follows:

> Section 1983 provides a cause of action against "every person who," under color of state law, "subjects, or causes to be subjected," another person to a deprivation of a federally protected right. 42 U.S.C. § 1983. It is well-recognized that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Bistrian [v. Levi], 696 F.3d [352] at 366 [3d Cir. 2012] (alteration in original) (quoting [Ashcroft v.] Iqbal, 556 U.S. [662] at 676 [2009]). Rather, state actors are liable only for their own unconstitutional conduct. Id. With this principle in mind, we have previously identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates. First, liability may attach if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) **[\*\*20]** (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. Id. (citing Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995)).

Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 316 (3d Cir. 2014) (*overruled on other grounds sub nom.* Taylor v. Barkes, 135 S.Ct 2042 (2015)).

Plaintiff makes no allegations in the Complaint that the harm he suffered was due to a policy, practice or custom established by Corizon; further, no Corizon supervisor is alleged to have been involved. Accordingly, Plaintiff has failed to present a plausible civil rights claim against Corizon. Thus, Corizon's Motion to Dismiss is granted without prejudice to the filing of an amended complaint alleging facts in support of Plaintiff's claim.

### IV. CONCLUSION

For the foregoing reasons, the following order is entered.

# **ORDER**

AND NOW, this 20th day of July, 2015, IT IS HEREBY ORDERED that the Motion to Dismiss/Motion for Partial Summary Judgment of the County Defendants, ECF No. 29, is GRANTED with leave to file an Amended Complaint solely as to Plaintiff's Fourteenth Amendment civil rights claims as to denial of medical care and denial of access to courts.

The Motion to Dismiss of Corizon, ECF No. 35, is GRANTED with leave to file an Amended Complaint solely as to Plaintiff's Section 1983 claims.

To the extent that Plaintiff wishes to file an Amended Complaint, he must do so by August 17, 2015. If Plaintiff fails to file an Amended Complaint, this case will be dismissed.

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing

Edwin Wylie-Biggs
LU-3352
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450-0999